**Gordon LeRoy SERBUS, Appellant,**

v.

**District Judge Paul HOFFMAN, Appellee.**

**No. 71–1511.**

United States Court of Appeals,
Eighth Circuit.

Oct. 20, 1971.

Warren Spannaus, Atty. Gen. of State of Minnesota, John M. Mason, Sol. Gen. of Minnesota and Steven A. Maurer, Sp. Asst. Atty. Gen. of Minnesota, for appellee.

Gordon LeRoy Serbus, pro se.

Before MEHAFFY, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Plaintiff-appellant brought this suit in the United States District Court for the District of Minnesota in the nature of a civil rights action against defendant-appellee, a state district judge for the Seventh Judicial District Court of Stearns County, Minnesota. The federal district court, The Honorable Edward J. Devitt, Chief Judge, dismissed the action with prejudice and it now reaches us on a timely motion under our Rule 8 to dismiss the action with prejudice. We grant the Rule 8 motion and affirm the federal district court for the reasons hereinafter stated.

Serbus is the defendant in a divorce action pending in state district court. Judge Hoffman had presided at two preliminary hearings in connection therewith and issued pretrial orders. After the last such order, upon Serbus' claim of prejudice Judge Hoffman disqualified himself from the case and it was subsequent to this that Serbus brought the action pro se in the federal district court alleging infringement of his civil rights and seeking a declaratory judgment asserting that Judge Hoffman's policy in issuing pretrial orders and method of conducting preliminary hearings was unconstitutional; seeking a permanent mandatory injunction to compel the judge to vacate the pretrial orders which he had theretofore issued in regard to temporary alimony, custody of children, payment of attorneys' fees; directing the judge to stop his harassment of Serbus; and for money damages and costs. It was upon this complaint and in this setting that the federal district court heard Judge Hoffman's motion to dismiss, and upon the hearing Serbus' action was dismissed with prejudice.

We grant the Rule 8 motion which in effect affirms the district court

because the allegations of the complaint arose out of action taken by Judge Hoffman when he was serving in his official capacity as a state judge, and the doctrine of judicial immunity is applicable and protective. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966). See also Jones v. Jones, 410 F.2d 365, 366 (7th Cir. 1969).

Additionally, since this action was commenced after Judge Hoffman had removed himself from the divorce case, the record is devoid of reflection of the existence of any actual controversy requisite for the maintenance of a declaratory judgment action. Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

The Rule 8 motion is granted and the judgment of the federal district court affirmed.