**David W. GLASSPOOLE, Appellant,**

v.

**Howard R. ALBERTSON et al.,
Appellees.**

**No. 73–1881.**

United States Court of Appeals,
Eighth Circuit.

Jan. 18, 1974.

David W. Glasspoole, filed brief pro se.

No brief was filed by counsel for appellees.

Before GIBSON, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Defendant-appellee Judge Howard R. Albertson moves to summarily affirm and to dismiss this appeal under Rules 8 and 9 of this Court. That motion is granted, and the Court on its own motion pursuant to its Rule 9(a) dismisses this civil rights action as to each defendant.

On February 8, 1973, Anne Glasspoole, a defendant in this suit, instituted a divorce action against David Glasspoole, plaintiff herein. The Honorable Howard R. Albertson, County Court Judge of the State of Minnesota, issued a temporary order on February 15, 1973, governing child custody and visitation, disposition of property, child support, and payment of outstanding bills. The parties were unable to agree on a final stipulation, and no divorce has yet been granted.

On August 23, 1973, the plaintiff herein appeared before Judge Albertson to show cause why he should not be held in contempt for failing to fulfill the requirements of the temporary order of February 15, 1973. On August 28, Judge Albertson ordered the plaintiff to repay $400 monthly to the Washington County Welfare Department, which had been granting payments to Mrs. Glasspoole for aid to dependent children.

Plaintiff brought this civil rights action, *pro se*, under 42 U.S.C. §§ 1981–1986 and 1994, requesting injunctive and monetary relief in regards to Judge Albertson's order of August 28th. Plaintiff did not appeal to Minnesota courts from Judge Albertson's order. Defendants are Judge Albertson; James Lammerts, Mrs. Glasspoole's attorney in the divorce action; and Anne Glasspoole. The District Court dismissed the action for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. We affirm the dismissal of the action.

In regards to Judge Albertson, dismissal of the suit was correct, since the doctrine of judicial immunity protects a judge from a civil suit for acts performed in the course of his official duties. Staudacher v. Kempe, No. 73–1694 (8th Cir., filed Oct. 25, 1973); Barnes v. Dorsey, 480 F.2d 1057, 1060 (8th Cir. 1973); Milliman v. Friedrich, No. 73–1114 (8th Cir., filed April 17, 1973), cert. denied, 414 U.S. 1066, 94 S. Ct. 574, 38 L.Ed.2d 471 (1973). Dismissal as to Mrs. Glasspoole's attorney was also correct since he was not acting under color of state law. Staudacher v. Kempe, *supra*; Barnes v. Dorsey, *supra* at 1060–1061. Clearly, Mrs. Glasspoole was not acting under color of state law and dismissal as to her was also correct. In addition, although plaintiff need not

allege or prove that Mrs. Glasspoole or her attorney was acting under color of state law to maintain an action under 42 U.S.C. § 1985, plaintiff has not alleged facts showing these defendants conspired with the intended purpose of depriving plaintiff of the equal protection of the law. Barnes v. Dorsey, *supra* at 1061.

Plaintiff, therefore, has alleged no sufficient grounds upon which relief can be granted, and this Court on its own motion pursuant to Rule 9(a) affirms the District Court's dismissal with prejudice as to each defendant and assesses costs against appellant.

Appeal dismissed with costs assessed against the appellant.