David **DOTLICH** and Kimberly Ann Dotlich, his minor daughter,
Plaintiffs,

v.

Stanley D. **KANE** et al., Defendants.

No. 74–1114.

United States Court of Appeals,
Eighth Circuit.

May 20, 1974.

David Dotlick, pro se.

Frank X. Cronan, Minneapolis, Minn., for defendants.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal is before the screening panel of this court pursuant to 8th Cir. R. 6. The court on its own motion and pursuant to 8th Cir. R. 9(a) dismisses

this civil rights action as to each defendant.

This action arises out of a divorce proceeding in Hennepin County, Minnesota. On or about March 14, 1973, the Hon. Thomas Pallakson issued a judgment and decree ordering plaintiff herein to transfer all rights, title, and interest in his and his wife's homestead to his wife only. On June 25, 1973, the plaintiff was held in contempt by the Hon. Stanley D. Kane for refusing to comply with Judge Pallakson's order. Subsequently, plaintiff was served with a show cause order issued to compel the transfer of title to his wife.

Plaintiff brought this civil rights action, *pro se*, under 42 U.S.C. §§ 1981–1986 and 1994, requesting injunctive, declaratory, and monetary relief. Defendants are Judge Pallakson, Judge Kane, the Hon. A. Paul Lommen, the Hon. Luther Sletten (all judges of the District Court of the Fourth Judicial District of the State of Minnesota), Marshall K. Sigford (examiner of titles of Hennepin County, Minnesota), Gerald R. Nelson (Clerk of the District Court of Hennepin County), Diana S. Eagon (a private attorney who represented the wife in the divorce proceedings), and other unnamed persons. The district court dismissed all defendants, and plaintiff appeals. We affirm the dismissal of the action.

First, it is clear that dismissal with respect to plaintiff's claim against the state court judges was proper since they were acting within the scope of their official duties and are therefore immune from suit. Glasspoole v. Albertson, 491 F.2d 1090 (8th Cir. 1974); Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973); Serbus v. Hoffman, 450 F.2d 296 (8th Cir. 1971). Dismissal as to the clerk and examiner of titles was also correct in that there is no allegation that either was improperly performing his ministerial duties. *See* Barnes, *supra* at 1060.

The dismissal as to the private attorney was proper because she did not act under color of state law within the meaning of the Civil Rights Acts. *See* Barnes, *supra*, and *Glasspoole, supra.*

Additionally, although alleging that defendants participated in a conspiracy to deprive plaintiff of his property interest in the family homestead without due process of law, Dotlich makes reference only to his divorce proceedings in state court to support such a claim. Such a claim, arising as it does from the ordinary disposition of a divorce action in state court, raises no federal question. *See* Milligan v. Milligan, 484 F.2d 446 (8th Cir. 1973).

In sum, the complaint states no federal claim against any of the defendants and, additionally, the subject matter of the complaint—an objection to the distribution of property in a divorce action—is not within the jurisdiction of the federal district court. Thus, we affirm the dismissal of the action.

Affirmed.