Sharon L. SCARRELLA, Plaintiff,

v.

Warren SPANNAUS et al., Defendants.

No. 3–74–Civ–90.

United States District Court,
D. Minnesota,
Third Division.

June 10, 1974.

Sharon L. Scarrella, pro se.

Warren R. Spannaus, Atty. Gen., Peter W. Sipkins, Sol. Gen., and Robert C. Carlson, Sp. Asst. Atty. Gen., Saint Paul, Minn., for defendant Spannaus.

William B. Randall, Ramsey Co. Atty., and Joseph E. Cartwright, Asst. Ramsey Co. Atty., Saint Paul, Minn., for defendant McKenna.

R. Scott Davies, City Atty., and Stephen C. Berg, Asst. City Atty., Saint Paul, Minn., for defendants Marshall, Bell, Davies, and McCloskey.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This matter is before the Court on defendants' motions to dismiss for failure to state a claim upon which relief can be granted filed under Federal Rule of Civil Procedure 12(b)(6). Plaintiff seeks injunctive and monetary relief based on the allegation that defendants' refusal to place her name on the election ballot for municipal court judge of the city of Saint Paul violated 42 U.S.C. §§ 1981–1989 and 1994. Jurisdiction exists under 28 U.S.C. § 1343. For the reasons expressed below, the Court is of the opinion that defendants' motions to dismiss should be granted.

That portion of the complaint which seeks a mandatory injunction ordering plaintiff's name to be placed on the ballot is moot since the date of the election is now past. Accordingly, since "federal courts are without power to decide questions that cannot affect the rights of [the] litigants in the case before them," North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L. Ed.2d 413 (1971), the Court finds that plaintiff's prayer for injunctive relief must be dismissed as moot.

It is well settled that judges acting within the scope of their official duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Glasspoole v.

Albertson, 491 F.2d 1090 (8th Cir. 1974); Serbus v. Hoffman, 450 F.2d 296 (8th Cir. 1971). Similarly, quasi-judicial officials acting within the scope of their official duties are absolutely immune. *See, e. g.,* Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967) (prosecuting attorney); Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), cert. denied, 394 U.S. 990, 89 S. Ct. 1477, 22 L.Ed.2d 765 (1969) (parole board members). However, "[w]here an official is not called upon to exercise judicial or quasi-judicial discretion, courts have properly refused to extend to him the protection of absolute judicial immunity, regardless of any apparent relationship of his role to the judicial system." McCray v. Maryland, 456 F.2d 1, 3–4 (4th Cir. 1972) (clerk of court). *See also* Dotlich v. Kane, 497 F.2d 390 (8th Cir., filed May 20, 1974) (clerk of court and examiner of titles); Barnes v. Dorsey, 480 F.2d 1057, 1060 (8th Cir. 1973) (clerk of court). Although a public official who does not exercise judicial or quasi-judicial discretion is not cloaked with the absolute immunity which protects judicial and quasi-judicial officials, such an official who performs ministerial duties may have a good faith defense "(sometimes referred to as a 'qualified immunity') that he acted at all relevant times pursuant to lawful authority vested in him by the state." McCray v. Maryland, *supra* at 4, *citing* Nelson v. Knox, 256 F.2d 312, 315 (6th Cir. 1958).

■ For the purposes of a motion to dismiss for failure to state a claim, "the material allegations of the complaint are taken as admitted" and "the complaint is to be liberally construed in favor of plaintiff." Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). The complaint should not be dismissed unless it appears that plaintiff could "prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ In the instant action, defendants include the state attorney general, county auditor, city clerks, and city attorneys. An examination of the facts asserted in the complaint reveals that defendants were not exercising quasi-judicial discretion which would entitle them to the protection of absolute immunity; however, plaintiff has failed to allege facts which would support an allegation that any of the defendants were not properly performing their ministerial duties. *See* Dotlich v. Kane, *supra* at 391. Although defendants have "not pleaded a 'good faith' defense that, if proven, would exonerate [them] from liability under McCray v. Maryland, [*supra* at 3–5], such a plea is unnecessary due to the plaintiff's failure to allege any facts that would support relief" against defendants. Barnes v. Dorsey, *supra* at 1060, *citing* Conley v. Gibson, *supra*. Since any possible acts by defendants were "purely ministerial and [since] there is no allegation of facts showing improper acts or how the plaintiff was injured by any illegal acts of [defendants]," Barnes v. Dorsey, *supra* at 1060, the complaint fails to state a claim against all defendants and must be dismissed.

For the foregoing reasons, IT IS ORDERED that defendants' motions to dismiss for failure to state a claim upon which relief can be granted are granted.