**Neal SEBASTIAN, Appellant,**

v.

**UNITED STATES of America et al., Appellees.**

**No. 75–1639.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 25, 1976.
Decided March 8, 1976.

Neal Sebastian, filed briefs pro se.

W. H. Dillahunty, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., filed brief for the U. S.

John Wesley Hall, Jr., and Tom Tanner, Deputy Pros. Attys., Little Rock, Ark., for Hickman, Munson, Skokos, Love, Terry and Riggenbach; John M. Bilheimer, Little Rock, Ark., for Scholle; Alston Jennings, Little Rock, Ark., for Sundermann; filed joint brief for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Neal Sebastian appeals from a final judgment in favor of all of the defendants on his civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. He sought damages for alleged deprivations of his civil rights arising out of his allegedly unlawful commitment to and confinement in a mental hospital. We affirm.

On July 23, 1973, the appellant's wife visited an Arkansas legal aid office seeking advice relative to the hospitalization of her husband for observation and treatment of emotional disorders. Mrs. Sebastian conferred with Linda Scholle, a staff attorney, and recounted several incidents of her husband's behavior. Ms. Scholle advised Mrs. Sebastian of the Arkansas mental commitment law [1] and contacted Ted Skokos, a Pulaski County deputy prosecuting attorney. Thereafter, Scholle accompanied Mrs. Sebastian to Skokos' office.

At the deputy prosecutor's office, Mrs. Sebastian repeated her allegations concerning her husband's behavior, whereupon Skokos prepared a petition to have Sebastian taken into custody for the purpose of determining whether he should be committed. The petition, signed by Skokos and Mrs. Sebastian, was filed with the Clerk of the Pulaski County Probate Court.

1. Ark.Stat.Ann. § 59–406 *et seq.* (1971 Repl.)

Pursuant to the petition, Deputy Sheriffs Bud Terry and B. Riggenbach took the appellant into custody and transported him to the office of Dr. R. H. Sundermann, a psychiatrist at the University of Arkansas Medical Center, for an examination. Dr. Sundermann conducted a preliminary psychiatric analysis of Sebastian and prepared a report recommending admittance to the Fort Roots Veterans Administration Hospital, North Little Rock, Arkansas, for further psychiatric evaluation. Terry and Riggenbach then took Sebastian and Dr. Sundermann's report to the Pulaski County Courthouse.

Judge Darrell Hickman, thereafter, committed Sebastian to a mental hospital for an indefinite period of time for care and treatment.[2] No commitment hearing was afforded the appellant.

Pursuant to the commitment order, Deputy Sheriffs Terry and Riggenbach transported the appellant to the Fort Roots Veterans Administration Hospital, where he was admitted and thereafter confined for approximately one year. Sebastian was discharged from the hospital as competent on July 13, 1974.

In August, 1974, Sebastian[3] filed the instant action. He alleges that the commitment procedures violated due process, and that his constitutional rights were further infringed during his confinement. Named as defendants were Judge Hickman, Ted Skokos, Deputy Sheriffs Terry and Riggenbach, Dr. Sundermann, Linda Scholle, and several doctors, nurses and hospital workers employed by the Fort Roots Hospital during Sebastian's confinement. Also joined as defendants were Skokos' superior, Lee Munson, the Pulaski County Prosecuting Attorney, and Sheriff Monroe Love, Terry's and Riggenbach's superior. The appellant sought to hold all of the defendants liable both as individuals and as members of a conspiracy. He prayed for $1,200,000 in compensatory and punitive damages.

Subsequent to a hearing and upon motions by the parties, the District Court dismissed the action as to Judge Hickman on grounds of judicial immunity and granted summary judgment in favor of Skokos, Terry, Riggenbach, Sundermann, Scholle, Munson and Love. As to the hospital employees, the court substituted the United States as the defendant pursuant to 38 U.S.C. § 4116(a),[4] and dismissed the action for fail-

2. The procedures by which Sebastian was committed were a synthesis of the emergency commitment procedures set forth in Ark.Stat.Ann. § 59–406, and the standard commitment procedures prescribed in § 59–417, 418 and 419. The commitment proceedings were initiated under § 59–406, which provides for temporary emergency hospitalization without prior court approval; however, they culminated in an order issued pursuant to § 59–419, which provides for indefinite commitment for care and treatment following a hearing. The procedures thus employed were in accordance with practices established by Judge Hickman. By local rule, persons proceeded against under § 59–406 were required to be brought before the court prior to hospitalization. To the extent that the aforesaid practice was designed to supply a measure of due process not provided for in § 59–406, it is to be commended. Where, however, the practice works to transform a temporary commitment into an indefinite one without affording the person committed a full hearing, as was the case here, it cannot be condoned.

3. Appellant has proceeded *pro se* throughout this litigation. According to an affidavit of the Clerk of the Arkansas Supreme Court, Sebastian is a member of the Arkansas Bar.

4. 38 U.S.C. § 4116(a) provides:
   (a) The remedy—
      (1) against the United States provided by sections 1346(b) and 2672 of title 28, or
      (2) through proceedings for compensation or other benefits from the United States as provided by any other law, where the availability of such benefits precludes a remedy under section 1346(b) or 2672 of title 28, for damages for personal injury, including death, allegedly arising from malpractice or negligence of a physician, dentist, nurse, physicians' assistant, dentists' assistant, pharmacist or paramedical (for example, medical and dental technicians, nursing assistants, and therapists) or other supporting personnel in furnishing medical care or treatment while in the exercise of his duties in or for the Department of Medicine and Surgery shall hereafter be exclusive of any other civil action or proceeding by reason of the same

ure to exhaust administrative remedies as required by 28 U.S.C. § 2675(a).[5] On appeal, Sebastian challenges all of the rulings set forth above. In addition, he claims that the District Court committed reversible error in allowing the state and federal employee defendants to be represented by government attorneys, and in denying his motion for appointment of counsel.

### I

■ At the outset, we note that a person may not be indefinitely committed to a mental institution, consistent with due process, without being afforded a hearing. *See Kendall v. True,* 391 F.Supp. 413 (W.D.Ky. 1975) (three-judge court); *Lynch v. Baxley,* 386 F.Supp. 378 (M.D.Ala.1974) (three-judge court); *Lessard v. Schmidt,* 349 F.Supp. 1078 (E.D.Wis.1972) (three-judge court), *vacated on other grounds,* 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974). *Cf., McNeil v. Director, Patuxent Institution,* 407 U.S. 245, 92 S.Ct. 2083, 32 L.Ed.2d 719 (1972); *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972); *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). *See generally, Developments in the Law—Civil Commitment of the Mentally Ill,* 87 Harv.L.Rev. 1190, 1271–1316 (1974). Had Sebastian brought an action to secure his release from confinement, he would, on the basis of the present record, have been entitled to relief. This, however, is not the posture of the instant controversy. Sebastian, having been discharged from the hospital seeks only to recover damages. Accordingly, our inquiry is limited to whether the District Court properly

declined to hold the defendant-appellees answerable in damages for the appellant's commitment and confinement. We proceed first to an examination of the defendant-appellees' liability as individuals.

■ The District Court properly dismissed the action as to Judge Hickman on the grounds of judicial immunity. *See Pierson v. Ray,* 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288, 294 (1967); *Dotlich v. Kane,* 497 F.2d 390 (8th Cir. 1974); *Glasspoole v. Albertson,* 491 F.2d 1090 (8th Cir. 1974); *Barnes v. Dorsey,* 480 F.2d 1057, 1060 (8th Cir. 1973).

■ The District Court also properly granted summary judgment in favor of Ted Skokos, the prosecuting attorney. *See Barnes v. Dorsey, supra; Wilhelm v. Turner,* 431 F.2d 177 (8th Cir. 1970), *cert. denied,* 401 U.S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971).

■ Deputy Sheriffs Terry and Riggenbach acted at all times in good faith reliance on Arkansas law, without reason to believe that the appellant had been committed without notice and hearing. On this basis, we hold that the sheriffs are immune from liability to Sebastian and were properly granted summary judgment.[6] *See O'Connor v. Donaldson,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

For the same reasons, we hold that Dr. Sundermann was properly granted summary judgment. Before Sebastian was taken

---

subject matter against such physician, dentist, nurse, physicians' assistant, dentists' assistant, pharmacist, or paramedical or other supporting personnel (or his estate) whose act or omission gave rise to such claim.

5. 28 U.S.C. § 2675(a) provides:

    (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency

and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

6. Our holding of immunity in the instant case is a narrow one limited to the circumstances involved herein. We do not hold that the unquestioning execution of a judicial directive may never provide a basis for liability against a state officer.

to the courthouse, Dr. Sundermann examined him, at Skokos' request, and recommended that he be hospitalized for further evaluation. The record shows that Dr. Sundermann acted both reasonably and in good faith.

■ Appellees Munson and Love are the superiors of Ted Skokos and Deputy Sheriffs Terry and Riggenbach, respectively. Sebastian does not allege that either Munson or Love was personally involved in his commitment, but rather seeks to hold them liable on the theory of respondeat superior. This he cannot do. The doctrine of respondeat superior, which would hold liable the "innocent" master, is inapplicable to an action for deprivation of civil rights. *Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1973); *Williams v. Vincent,* 508 F.2d 541, 546 (2nd Cir. 1974). Accordingly, the District Court properly granted summary judgment in favor of Munson and Love.

■ We also agree with the District Court's grant of summary judgment in favor of Linda Scholle, Mrs. Sebastian's legal aid attorney. She was not acting under color of state law as required by § 1983. *See Dotlich v. Kane, supra; Glasspoole v. Albertson, supra.*

As to the defendants employed by the Fort Roots Veterans Hospital, the District Court substituted the United States as defendant, pursuant to 38 U.S.C. § 4116(a),[7] and dismissed the action for failure to exhaust administrative remedies as required by 28 U.S.C. § 2675(a).[8] Section 4116(a) essentially provides an exclusive remedy against the United States for personal injuries arising from the malpractice or negligence of Veterans Administration medical personnel in furnishing medical care and treatment.

■ We are not entirely satisfied that the District Court's invocation of § 4116(a), with respect to the appellant's claim that the hospital employees deprived him of due process by admitting him pursuant to the commitment order,[9] was proper. It is not clear that such a claim is covered by § 4116(a). Nevertheless, we find it unnecessary to resolve the issue. The record shows that the hospital employees acted pursuant to a facially valid court order, and it discloses no other facts extrinsic to the face of the order from which the employees should reasonably have concluded that the commitment proceedings were defective.[10] *See Joyce v. Ferrazzi,* 323 F.2d 931, 933 (1st Cir. 1963); *Kenney v. Fox,* 232 F.2d 288, 290 (6th Cir.), *cert. denied,* 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956).

■ In summary, we conclude that the actions of the defendant-appellees taken as individuals afford no basis for holding them liable to the appellant. We consider next whether Sebastian's allegation that the defendants conspired against him[11] produces a different result.

---

7. *See* n. 4, *supra.*

8. *See* n. 5, *supra.*

9. It should be noted that the appellant's claim against the hospital employees relates only to their acceptance of him pursuant to the commitment order. Sebastian does not allege that the hospital employees knew or should have known that his continued confinement was unconstitutional. *See O'Connor v. Donaldson,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975).

10. In light of our discussion above, we need not resolve the issues of whether the hospital employees were acting under color of state law, or, alternatively, whether the appellant might maintain an action on the theory of an implied federal remedy. *See, e. g., Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971); *Wounded Knee Legal Defense/Offense Committee v. F. B. I.,* 507 F.2d 1281 (8th Cir. 1974).

11. The appellant's reliance on 42 U.S.C. § 1985(3) in support of his conspiracy claim is misplaced. Under that section, it must be alleged that the conspiracy was motivated by animus towards a particular class or group. *Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Means v. Wilson,* 522 F.2d 833, 839–841 (8th Cir. 1975). No such allegations appear here. For the same reasons, the appellant's reliance on 42 U.S.C. § 1986 is also mistaken. A conspiracy under § 1985 is a prerequisite to a claim under § 1986. *See Tollett v. Laman,* 497 F.2d 1231, 1233 (8th Cir. 1974). The appellant's conspiracy claim must succeed, if at all, under § 1983.

 

The circumstances of the appellant's commitment discloses no indication that any of the defendant-appellees conspired to deprive Sebastian of his civil rights. Nor do the pleadings, affidavits, or evidence adduced at the District Court hearing reveal any facts in support of this contention. To the contrary, it appears that any deprivation of due process was the result of Judge Hickman's failure to afford Sebastian a hearing. There is no allegation or evidence to support the conclusion that any of the other defendants were aware that Judge Hickman acted without due process. Accordingly, we hold that the District Court properly rejected the appellant's conspiracy claim.

## II

Sebastian raises two additional claims against the hospital employees for deprivation of his civil rights while he was confined at the Fort Roots Hospital. He alleges: (1) that he suffered personal injuries as a result of being arbitrarily treated with tranquilizers, and (2) that his liberty within the hospital was significantly restricted in violation of due process. The District Court disposed of these claims pursuant to 38 U.S.C. § 4116(a) and 28 U.S.C. § 2675, as discussed *supra.*

Again, we decline to follow the District Court's invocation of 38 U.S.C. § 4116(a) and 28 U.S.C. § 2675 because their applicability to claims alleging constitutional deprivations is unclear. Instead, we rest our decision on the ground that the claims do not fall within the ambit of 42 U.S.C. § 1983 upon which the appellant relies. Sebastian seeks redress against employees of the Fort Roots Veterans Administration Hospital for actions taken under federal, and not state, authority. He, thus, fails to state a claim under the civil rights statute and there is no federal jurisdiction under 28 U.S.C. § 1343. *Savage v. United States,* 450 F.2d 449, 451 (8th Cir. 1971), *cert. denied,* 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972); *Williams v. Rogers,* 449

F.2d 513, 517 (8th Cir. 1971), *cert. denied,* 405 U.S. 926, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972); *Davis v. United States,* 439 F.2d 1118, 1119 (8th Cir. 1971) (per curiam).[12]

## III

Sebastian finally complains of two other District Court rulings which he contends constitute reversible error.

The appellant first argues that the District Court erred in allowing several of the defendants to be represented by government attorneys. The Fort Roots Hospital employees were represented by the United States Attorney for the Eastern District of Arkansas. Appellees Hickman, Munson, Love, Terry, Riggenbach and Skokos, all employees of the State of Arkansas, were represented by an Arkansas deputy prosecuting attorney.

This contention is without merit. Any error in that regard would not afford any basis for relief on appeal. *See Love v. Chandler,* 124 F.2d 785, 787 (8th Cir. 1942).

Sebastian next challenges the District Court's refusal to grant his motion for appointment of counsel. The appellant had sought appointment of an attorney who was not a member of the Arkansas Bar. This contention is similarly without merit. Appointment of counsel in civil rights cases is discretionary with the court. *Peterson v. Nadler,* 452 F.2d 754 (8th Cir. 1971). The record in the instant case shows that the appellant is an attorney; that he was not proceeding in forma pauperis; that he made no showing that he could not obtain private counsel; and that he was in fact assisted by counsel at the District Court hearing held on July 18, 1975. The District Court did not abuse its discretion.

The judgment of the District Court is affirmed.