Frank L. TRIVETT, Jr. and Rita J. Trivett, Plaintiffs,

v.

BANK OF DELAWARE et al., Defendants.

Civ. A. No. 76–251.

United States District Court, D. Delaware.

Oct. 6, 1976.

Frank L. Trivett, Jr., and Rita J. Trivett, pro se.

Wayne N. Elliott and John H. Small, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant Bank of Delaware.

Samuel R. Russell, of Biggs & Battaglia, Wilmington, Del., for defendant Angelo Falasca.

Norman A. Barron, State So., Wilmington, Del., for defendant Barnard Balick.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

On August 3, 1976, Frank L. Trivett, Jr. and Rita J. Trivett, his wife, ("plaintiffs") filed a handwritten *pro se* complaint in this court naming the Bank of Delaware, Angelo Falasca and Bernard Balick as defendants. The body of the complaint, signed by the plaintiffs, reads in toto as follows (Docket Item 1):

"Do not agree on settlement made in trial on May 24, 25, 26, 1976. Mislead, mistrial, misused, we were forced to settle in court, while jury & judge were held back by lawyers. Lawyers made decision, not I, Frank L. Trivett, Jr. Trial was held in Superior Court in the State of Delaware. I want to request a re-trial. The above action was due to auto accident on August 15, 1973."

All the defendants appeared after service of process and either moved to dismiss or moved for summary judgment on jurisdictional grounds or for failure of the complaint to state a claim upon which relief can be granted. (Docket Items 5, 6, 7 and 10). Because the vaguely drafted *pro se* complaint left the Court in a quandary whether it had subject matter jurisdiction of the controversy or whether the complaint stated a sufficient cause of action, the Court ordered and held an evidentiary hearing on October 5, 1976 in order to permit the parties to illuminate these issues.

■ First, it clearly appears from the undisputed evidence adduced that at the time this action was filed (1) the plaintiffs were, and still are, citizens of the State of Delaware who reside at 7 Altoona Avenue, New Castle, Delaware,[1] (2) the defendant Bank of Delaware was, and is, a bank incorporated under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware,[2] and (3) the defendants Angelo Falasca and Bernard Balick were, and are still, citizens of the State of Delaware.[3] In the absence of complete diversity of citizenship between the plaintiffs and all the defendants, jurisdiction of this action does not exist by virtue of 28 U.S.C. § 1332. *Strawbridge v. Curtiss,* 3 Cranch (US) 267, 2 L.Ed. 435 (1806); *Camp v. Gress,* 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997 (1919).

■ Second, the Court was concerned whether the plaintiffs were seeking relief[4] based upon the Civil Rights Act, 42 U.S.C. § 1983, which would confer jurisdiction upon this court pursuant to 28 U.S.C. §§ 1343(3) and (4) or 28 U.S.C. § 1331. However, assuming that plaintiffs were attempting to rely upon "federal question" jurisdiction, the Court finds from the evidence presented that the complaint as elaborated upon by the plaintiffs fails to state a claim under 42 U.S.C. § 1983 for which relief can be granted. The testimony shows that the foundation for the present action arises out of a suit which Mr. Trivett brought in the Superior Court of the State of Delaware against the Bank of Delaware to recover damages caused by the bank's alleged wrongful repossession of plaintiffs' automobile. Mr. Trivett was represented in the Superior Court action by defendant Falasca, a member of the Delaware Bar, whom he had personally retained for that purpose. The presiding judge at the Superior Court trial was the defendant, the Honorable Bernard Balick. At a recess during the third day of trial on May 26, 1976, the Bank of Delaware, through its attorney Wayne N. Elliott, offered to settle the case upon payment of $10,000 to Mr. Trivett and to assign to him a clear title of the repos-

---

1. See also Docket Items 8 and 11.

2. See also Docket Items 9, 13 and 14.

3. See also Docket Items 9, 13, 14 and 15.

4. Plaintiff testified that he and his wife had been damaged by the defendants and that they seek a monetary recovery.

sessed automobile. Mr. Falasca urged Mr. Trivett to accept the settlement because he was of the opinion, based on his trial experience and knowledge of the underlying facts, that a distinct possibility existed that the jury might very well return a verdict in favor of the defendant. Mr. Trivett at first refused to agree to the settlement but after discussing the offer further and listening to the recommendation of his counsel told Mr. Falasca to "go ahead" and settle. Mr. Falasca so informed Mr. Elliott. Court was thereupon reconvened and in the presence of the parties and their counsel, Mr. Elliott advised the Court of the settlement and its terms. Judge Balick then called the members of the jury to the courtroom, advised them that the case had been settled, and discharged the jury.[5] While Mr. Trivett disputes the fact that he told Mr. Falasca to agree to the settlement (which the Court finds immaterial to the disposition of this case), he did admit that he was present in the courtroom when Judge Balick was advised of the settlement and the jury was discharged and that he raised no objection thereto.

■ Accepting all of the testimony of Mr. Trivett which elaborated upon his complaint to be true, it does not state a recoverable claim against Judge Balick. It is well-settled that Judge Balick who was simply presiding over the Superior Court trial and had nothing to do with the settlement is absolutely immune from liability for damages for acts done in the performance of his judicial duties. *Pierson v. Ray,* 386 U.S. 547, 553–554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Brown v. Dunne,* 409 F.2d 341 (C.A.7, 1969); *Bauers v. Heisel,* 361 F.2d 581 (C.A.3, 1966), *cert. denied* 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967). Accordingly, the complaint as orally amended will be dismissed with respect to defendant Balick for failure to state a claim upon which relief can be granted.

■ Furthermore, in order to allege a valid claim under § 1983 a defendant must have acted "under color of state law" or "with state authority." The law is clear,

however, that the conduct of retained counsel in representing a client does not constitute that state action or action under color of state law for the purposes of an alleged § 1983 violation. *Harkins v. Eldredge,* 505 F.2d 802 (C.A.8, 1974); *United States ex rel. Gittlemacker v. Commonwealth of Pennsylvania,* 281 F.Supp. 175 (E.D.Pa. 1968), aff'd 413 F.2d 84 (C.A.3, 1969), *cert. denied* 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970). Since it is undisputed that Mr. Falasca was acting as Mr. Trivett's retained counsel in prosecuting the civil case in Superior Court, defendant Falasca was not acting under color of state law or state authority within the purview of § 1983. Thus, the complaint, as orally amended, fails to state a § 1983 claim against the defendant Falasca for which relief can be granted.

■ Finally, what has been stated with respect to the defendant Falasca applies equally to the defendant Bank of Delaware which was simply a defendant in Mr. Trivett's state court action, which offered to settle the case before the end of the trial. Accepting this as true, a private person, albeit a corporation as the Bank of Delaware is, cannot be held liable under § 1983 unless his actions were done under color of state law or state authority. *Dotlich v. Kane,* 497 F.2d 390 (C.A.8, 1974); *Hill v. McClellan,* 490 F.2d 859 (C.A.5, 1974). There is nothing in the written complaint or the testimony elaborating thereon which shows in the slightest that the defendant bank acted other then in a private corporate capacity. Thus, the complaint fails to state a claim against the Bank of Delaware under § 1983 upon which relief can be granted.

The written complaint, as orally amended by the undisputed testimony and evidence adduced at the evidentiary hearing, will be dismissed.

5. Exhibit to Docket Item 10.