Preston Lavern HOWARD,
Plaintiff-Appellant,

v.

Harry LEMMONS and Kris Ray Kizer,
Defendants-Appellees.

No. 75–2863
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1977.

Preston L. Howard, pro se.

Before BROWN, Chief Judge, and GOD-
BOLD and GEE, Circuit Judges.

PER CURIAM:

Plaintiff, who is incarcerated in the federal penitentiary has brought this suit pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1985(3) alleging that two private citizens filed false affidavits with the District Attorney stating that he had threatened their lives which resulted in an unrelated state charge. He asserted that this conduct violated certain of his constitutional rights but the trial court following the recommendation of a United States Magistrate dismissed the complaint upon the basis that the complaint stated no claim within the jurisdiction of the Court.[1] The decision on § 1983 is clearly correct since there is no state action involved.[2]

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. The defendants in this case have made no responsive pleadings nor did they make a motion that the plaintiff's complaint be dismissed for failure of federal jurisdiction under these particular statutes. Likewise, the defendants have filed no brief on appeal. However, there is no doubt that the District Court could dismiss the plaintiff's action sua sponte for failure of federal jurisdiction pursuant to F.R.C.P. 12(h)(3) which states:

Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action.

2. Private conduct which allegedly results in the improper arrest or wrongful initiation of judicial proceedings has been held not to state a claim under § 1983 in the absence of some nexus between official misconduct and the injury to the plaintiff. In *Barnes v. Dorsey*, 8 Cir., 1973, 480 F.2d 1057, 1061, a case which is factually similar to ours, the Court held that when the plaintiff alleged that a private person

As to the § 1985(3) claim, we hold that in light of our en banc opinion in *McLellan v. Mississippi Power & Light Co.*, 5 Cir., 1976, 545 F.2d 919, reversing the panel decision, 5 Cir., 1976, 526 F.2d 870, no claim has been stated.

AFFIRMED.

fabricated an account of a crime implicating him but made no allegation that the private person acted in concert with a public official the complaint failed to state a claim under § 1983. *See also Dieu v. Norton*, 7 Cir., 1969, 411 F.2d 761.

Likewise, in the absence of state action § 1983 has been held not to provide a remedy for such common law torts as false arrest. *See Street v. Surdyka*, 4 Cir., 1974, 492 F.2d 368. The Eighth Circuit has held that when private persons improperly initiated a contempt pro-ceeding against the plaintiff no cause of action arose under § 1983 because no action was taken under color of state law. *See Glasspoole v. Albertson*, 8 Cir., 1974, 491 F.2d 1090.

This Circuit has also required connection between the action of private persons and public officials to provide a sufficient nexus for a finding of state action. *See Fulton v. Emerson Electric Company*, 5 Cir., 1969, 420 F.2d 527, 530. *See also United States v. Price*, 1966, 383 U.S. 787, 793, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267, 272.