Benjamin PERROTTA, Plaintiff,

v.

Albert M. SWIFT, Defendant.

Benjamin PERROTTA, Plaintiff,

v.

Albert M. SWIFT, Else Sjostrand, a/k/a Else Perrotta, Defendants.

Nos. 77 C 62, 77 C 483.

United States District Court,
E. D. New York.

July 5, 1977.

Benjamin Perrotta, pro se.

Albert M. Swift, pro se.

## MEMORANDUM ORDER

NEAHER, District Judge.

In these two actions arising out of a dispute over alimony payments, plaintiff *pro se* seeks to have his former wife and her attorney fined and imprisoned for perjury,

extortion, harassment, false arrest and violating his constitutional rights. Defendants have moved to dismiss both complaints for lack of subject matter jurisdiction.

The claims purportedly arising under criminal statutes must be dismissed, for an individual cannot institute criminal actions. Nevertheless, since the complaints were drafted by plaintiff *pro se,* the court must read them liberally in order to determine whether they state a claim cognizable in federal court. See *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On February 10, 1976 plaintiff was adjudged in contempt of court by the Supreme Court, Queens County, for failure to comply with a court order to pay $2,740 in counsel fees and alimony to his former wife. The amount of the award was then designated as a fine. The court also provided that, in the event plaintiff failed to purge himself of the contempt by making timely payments as ordered, his former wife could petition the court without notice to plaintiff and obtain an order of commitment directing that plaintiff be detained until he paid the entire sum due. Plaintiff alleges that he paid the entire sum. On November 22, 1976, however, defendants, without notice to plaintiff, requested the issuance of an order of commitment for plaintiff's failure to pay $100 of the fine. The Supreme Court, Queens County, granted the request on December 6, 1976, and directed that plaintiff be imprisoned until he paid the $100 plus the sheriff's legal fees and disbursements. On December 14, 1976 plaintiff was arrested and held for several hours until his family paid the fine and sheriff's fees.

On the basis of these allegations, the only potentially actionable claim would be under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343. The defendants named in these complaints, however, are not subject to suit under § 1983 because they were not acting "under color" of State law. See *Glasspoole v. Albertson,* 491 F.2d 1090 (8 Cir. 1974). Attorneys are private persons for the purposes of § 1983. *Stambler v. Dillon,* 302 F.Supp. 1250 (S.D.N.Y.

1969). The following statement by Judge Friendly in a recent case growing out of divorce proceedings applies to both defendants here:

"[W]e know of no authority that one private person, by asking a state court to make an award against another which is claimed to be unconstitutional, is violating 42 U.S.C. § 1983. To the contrary, our Court of Appeals has squarely held that 'merely by holding its courts open to litigation of complaints [a state] does not clothe persons who use its judicial processes with the authority of the state in the sense [required by § 1343].' *Stevens v. Frick,* 372 F.2d 378, 381 (2 Cir.), *cert. denied,* 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967)." *Gras v. Stevens,* 415 F.Supp. 1148, 1152 (S.D.N.Y.1976) (three-judge court).

Accordingly, defendants' motions to dismiss the complaints are granted.

SO ORDERED.