[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-10734
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-22361-CV-KMM

JUDITH E. HERSKOWITZ,
Herskowitz \P.Judith,

                                                      Plaintiff-Appellant,

versus

KRISTINE REID,
as personal representative of the Estate of Steven Delibert,
SUSAN CHARNEY,
KAREN E. BEZNER, as Trustee
for North Jersey Trading Corporation,

                                                      Defendants-Appellees,

ALAN R. SCHWARTZ, Hon.,
MELVIA B. GREEN, Judge,
MARIO P. GODERICH, Judges of
the District Court of Appeal
of Florida Third District,

                                                      Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 31, 2006)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Judith Herskowitz, proceeding pro se, appeals the dismissal of her action for lack of subject matter jurisdiction. On appeal, Herskowitz argues that the district court was without jurisdiction to grant the motion to dismiss because the party who filed it died during the pendency of the case and no formal suggestion of death was filed, pursuant to Fed. R. Civ. P. 25(a)(1). She urges that the reference to Defendant Steven Delibert's death in a motion filed by attorney Eric Christu, who assumed the representation of Delibert upon his death, is insufficient under Rule 25, and that Christu did not have authority to file the motion since he was neither Delibert's attorney of record, nor a person authorized by Rule 25 to make such a motion. She also asserts the district court misapplied the Rooker-Feldman[1] doctrine to dismiss her claim. After careful review, we affirm.

The parties are familiar with the factual background and we only summarize it here. Herskowitz filed this suit against Steven Delibert, Susan Charney, Karen Bezner, and a three-judge panel of Florida's Third District Court of Appeal ("Third DCA Panel") alleging claims for (1) violations of 42 U.S.C. §§ 1983, 1985, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); (2) declaratory and

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

injunctive relief; (3) civil conspiracy; (4) conversion; (5) waste, embezzlement and statutory larceny; (6) civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(a)-(d); (7) replevin; (8) abuse of process; (9) intentional infliction of emotional and physical distress; and (10) rescission of contract. Herskowitz's claims were based on the Third DCA Panel's reversal of a state court judgment in her favor. She sought $10 million in compensatory and punitive damages, as well as injunctive and declaratory relief. The Third DCA Panel moved to dismiss Herskowitz's complaint for lack of subject matter jurisdiction, based on the Rooker-Feldman doctrine. Delibert subsequently filed a memorandum in support of dismissal, adopting the arguments made in the Third DCA Panel's motion to dismiss. The district court granted the motion and entered judgment in favor of the defendants. This appeal followed.[2]

We review a district court's determination that it lacks subject matter jurisdiction de novo. Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997). According to the Rule 25 of the Federal Rules of Civil Procedure, when a party dies:

---

[2]Prior to granting the Third DCA Panel's motion to dismiss, the district court dismissed Herskowitz's claims against Bezner, both in her individual capacity and as Trustee for North Jersey Trading Corporation. A clerical default was entered against Charney. As Herskowitz does not challenge those orders in this appeal, we do not address them.

the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1). While Rule 25 provides for the filing of a motion for substitution of parties after the death of a proper party, we have recognized, pursuant to the plain language of Rule 12(h)(3) of the Federal Rules of Civil Procedure, that a district court may act sua sponte to address the issue of subject matter jurisdiction at any time.[3] See Howard v. Lemmons, 547 F.2d 290, 290 n.1 (5th Cir. 1977) (stating "there is no doubt that the District Court could dismiss the plaintiff's action sua sponte for failure of federal jurisdiction pursuant to [Rule] 12(h)(3)");[4] see also Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (after determining district court lacked subject matter jurisdiction over some claims due to lack of a federal agency decision, holding that

---

[3]Rule 12(h)(3) provides the following: "Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

court improperly entered summary judgment on those claims and that "the district court should have dismissed appellants' . . . claims, <u>sua sponte</u> if necessary, pursuant to Fed. R. Civ. P. 12(h)(3)"); <u>Save the Bay, Inc. v. U.S. Army</u>, 639 F.2d 1100, 1102 (5th Cir. 1981) ("It is incumbent upon both trial and appellate federal courts to constantly examine basis of jurisdiction, <u>doing so on its own motion if necessary</u>." (citing Rule 12(h)(3)) (emphasis added)).

Because the district court, acting <u>sua sponte</u>, may address the issue of subject matter jurisdiction at any time, it did not err in doing so here, even though Delibert had died, there was no proper substitution of a party, and the clerk had entered default against him.

We likewise reject Herskowitz's challenge to the district court's <u>Rooker-Feldman</u> analysis. The <u>Rooker-Feldman</u> doctrine jurisdictionally bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, ---, 125 S. Ct. 1517, 1522-23 (2005). We have enumerated four criteria that must be met in order for the <u>Rooker-Feldman</u> doctrine to apply: (1) the party in federal court is the same as in the state court; (2) the state court ruling was a final judgment on the merits; (3) the plaintiff in federal

5

court had a reasonable opportunity to raise her claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or inextricably intertwined with the state court's judgment. Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265-66 n.11 (11th Cir. 2003).

Because this is the type of case to which the Supreme Court, in Exxon Mobil, determined the Rooker-Feldman doctrine applies and the Amos elements are satisfied, we readily conclude the district court did not err by dismissing Herskowitz's claims. We are unpersuaded by Herskowitz's remaining arguments. Accordingly, we affirm the district court's order granting the motion to dismiss.

**AFFIRMED.**