**William Earl GORHAM, Appellant,**

v.

**Peter BANOVETZ, Individually and as the St. Louis County Attorney of the State of Minnesota; John Durfee, Individually and as the St. Louis County Public Defender of the State of Minnesota; Robert Lucas, Individually and as the Assistant Public Defender for St. Louis County of the State of Minnesota; Robert Higby, Individually and as the St. Louis County Sheriff for St. Louis County of the State of Minnesota; Michael F. Durst, Individually and as the Assistant County Attorney for Douglas County of Minnesota; Fred Johnson, Individually and as the Sheriff of Douglas County of the State of Wisconsin, Appellees.**

No. 81–1101.

United States Court of Appeals,
Eighth Circuit.

Submitted June 26, 1981.

Decided June 30, 1981.

William Earl Gorham, pro se.

Alan L. Mitchell, St. Louis County Atty., Mary L. Peterson, Asst. County Atty., Duluth, Minn., for appellees Peter Banovetz and Robert Higby.

Anthony S. Downs, Halverson, Watters, Bye, Downs & Maki, Ltd., Duluth, Minn., for appellees John Durfee and Robert Lucas.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

William Earl Gorham, a prisoner at the Stillwater, Minnesota correctional facility, appeals the district court's January 6, 1981 dismissal of his 42 U.S.C. § 1983 lawsuit. The district court concluded that Gorham's complaint failed to state a claim upon which relief could be granted and therefore dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6).

In considering whether a pro se section 1983 complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted, all material allegations in the complaint must be accepted as true and liberally construed in favor of the plaintiff. *Barnes v. Dorsey*, 480 F.2d 1057, 1060 (8th Cir. 1973) (per curiam). Moreover, the complaint should not be dismissed unless it appears that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). *See also Brown v. Nutsch*, 619 F.2d 758, 761 (8th Cir. 1980) (before a court can dismiss a section 1983 cause of action, it must be convinced "beyond doubt" that the plaintiff can prove no set of facts which would establish that the defendant(s) acted under color of state authority to deprive him of a right, privilege or immunity secured by the constitution or laws of the United States).

Our careful review of the record reveals that Gorham was given numerous opportunities by the district judge and magistrate who considered the case to supply a sufficient factual basis for his claims. Indeed, the district court proceedings evidence a commendable patience in reviewing Gorham's vague allegations of coercion, kidnapping, conspiracy and false statements; Gorham was given every reasonable opportunity to supply the facts underlying his claims. Despite the district court's solicitation of non-conclusory pleadings, Gorham simply failed to supply facts which could state a claim under section 1983. Therefore, the district court's dismissal was proper and we summarily affirm. *See* Eighth Circuit Rule 14.