932 F.2d 697
 19 Fed.R.Serv.3d 1060, RICO Bus.Disp.Guide 7743
 Doretha BRYANT, Appellant,
v.
BROOKLYN BARBECUE CORPORATION, William Rauschelbach, Sandra
Rauschelbach, Gary Berbiglia, Preston Kerr, Judith
Kerr, Arthur Bryant's Incorporated,
David Schlee, and Stockyard
Preservation, Appellees.
 No. 90-2349.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1991.
Decided April 29, 1991.
Rehearing and Rehearing En Banc Denied
June 17, 1991.
 
 1
 Larry Delano Coleman, Kansas City, Mo., for appellant.
 
 
 2
 Bruce C. Houdek, Kansas City, Mo., for appellees.
 
 
 3
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LARSON,* Senior District Judge.
 
 
 4
 LARSON, Senior District Judge.
 
 
 5
 The sole issue raised in this appeal is whether the district court abused its discretion in imposing sanctions on plaintiff's counsel under Fed.R.Civ.P. 11. Because we find no abuse of discretion based on the record presented on appeal, we affirm.
 
 I.
 
 6
 On July 28, 1989, plaintiff Doretha Bryant filed a complaint against defendants Brooklyn Barbecue Corporation, Arthur Bryant's Inc., the Stockyard Preservation Co., and various officers and directors of these companies. The complaint in this action, Civ. No. 89-0719, alleged defendants had engaged in a pattern of racketeering activity designed to deprive plaintiff of her interest in the property she inherited from her uncle, Arthur Bryant, the famous Kansas City barbecue restaurateur. The complaint was not served within the 120 days provided in Fed.R.Civ.P. 4(j),[1] and defendants filed a motion to dismiss the complaint and for sanctions pursuant to Fed.R.Civ.P. 11.[2] In response, plaintiff's counsel indicated he was engaged in other state court actions involving many of the same parties and he intended to file a first amended complaint within two weeks "now that the necessary groundwork ha[d] been done."
 
 
 7
 The district court[3] granted the defendants' motion to dismiss, 130 F.R.D. 665, finding plaintiff had failed to demonstrate good cause for her failure to serve the complaint. The district court also ruled sanctions were appropriate because plaintiff's counsel effectively admitted he had conducted the "reasonable inquiry" required by Rule 11 only after the original complaint had been filed and further admitted that the original complaint had been filed to coincide with the criminal sentencing of one of the defendants. Under these circumstances, the court concluded the original complaint was filed solely for an improper purpose, namely to attract publicity and to harass the defendants.
 
 
 8
 After giving plaintiff an opportunity to respond to the affidavits presented by defendants regarding the amount of their attorney's fees, the court assessed $14,030 in sanctions against plaintiff's attorney.[4] In the meantime, plaintiff's counsel had initiated a second action by refiling the amended complaint he had prepared to file in the original action. In its order imposing sanctions, the court stayed all proceedings in this second action, Civ. No. 90-0265, until the $14,030 had been paid. Plaintiff's request to alter or amend the court's imposition of sanctions was denied, and plaintiff appealed.
 
 
 9
 Subsequent to the filing of this appeal, plaintiff and defendants stipulated to a dismissal of the second action, Civ. No. 90-0265, without prejudice, and the court granted the dismissal along with plaintiff's counsel's motion to withdraw as counsel in that case. Thus, both the original complaint and the amended complaint have now been dismissed without prejudice. Plaintiff does not challenge either of these dismissals. Plaintiff does contend that the district court's imposition of Rule 11 sanctions should be reversed.
 
 II.
 
 10
 Because the issues involved in determining whether an attorney has violated Rule 11 "involve 'fact-intensive, close calls,' " we review all aspects of the district court's order under an abuse of discretion standard. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2460, 2461, 110 L.Ed.2d 359 (1990). Plaintiff's counsel argues the court lacked jurisdiction to impose sanctions because defendants in this case were never served with the original complaint, and hence could not be "parties" entitled to an award of expenses under Rule 11. We find the Supreme Court's decision in Cooter resolves this issue in favor of the court's authority to award sanctions even though the original complaint was dismissed prior to service on the defendants. Id. 110 S.Ct. at 2454-57. The violation in this case occurred when the original complaint was filed for an improper purpose and without the "reasonable inquiry" required by Rule 11. Under these circumstances,
 
 
 11
 [t]he district court's jurisdiction, invoked by the filing of the underlying complaint, supports consideration of both the [motion to dismiss] the action and the motion for Rule 11 sanctions arising from that filing.
 
 
 12
 Id. at 2455.
 
 
 13
 With regard to whether the court's finding of a Rule 11 violation was justified, plaintiff's counsel argues that the court erred in imposing sanctions without ever conducting a hearing or inquiring into the merits of the claims raised in plaintiff's complaint. Counsel never requested such a hearing before the district court, however, nor did he offer an affidavit to the court which explained either the investigation he had undertaken prior to filing the original complaint or the factual basis for the allegations made. Cf. Cooter, 110 S.Ct. at 2452 (counsel filed three affidavits setting forth prefiling research). The inference the district court drew from the papers counsel had filed was that counsel knew he had not conducted a reasonable inquiry of the facts and the law prior to filing the original complaint, but filed it prematurely so as to benefit from the publicity generated by defendant Preston Kerr's criminal sentencing on charges relating to bank fraud.
 
 
 14
 According to the affidavits presented by defendants William Rauschelbach, Sandra Rauschelbach, and Gary Berbiglia, this premature filing was harmful to them. Defendant Rauschelbach, for example, stated that many regular customers of his Golden Ox restaurant had asked about the lawsuit and "have made comments about me being a racketeer." Defendants' affidavits further set forth details regarding the opportunities to serve the complaint which had been available to plaintiff's counsel, opportunities which included at least one face-to-face meeting in connection with the state court litigation involving plaintiff and these defendants. Defendants' affidavits indicated that plaintiff had served them with papers in connection with other litigation since the original complaint had been filed, but had made no attempt to serve the original complaint within the 120 days allowed by Rule 4(j).
 
 
 15
 Plaintiff's counsel states that he fully intended to file and serve an amended complaint, and attempted to do so after the 120 days had passed. Counsel explained at oral argument that he simply was unaware of the 120 day rule. Although counsel never advanced this explanation to the district court, we have no reason to doubt it, and we appreciate the damaging effect the court's sanction has had on plaintiff's counsel, a sole practitioner of limited means. Plaintiff's counsel claims the result in this case is particularly unfair because plaintiff was denied her request for attorney's fees incurred in obtaining dismissal of a suit brought in California by Judith Kerr, one of the defendants herein.[5]
 
 
 16
 Our role in reviewing the district court's order imposing sanctions in this case is, however, quite limited. Recognizing that "fact-bound resolutions cannot be made uniform through appellate review, de novo or otherwise," the Supreme Court has instructed appellate courts to defer to the determinations of those "on the front lines of litigation," who are best situated to determine when a Rule 11 sanction is warranted. Cooter, 110 S.Ct. at 2460. Defendants' counsel in this case submitted affidavits in support of their request for approximately $24,000 in attorney's fees incurred since the filing of plaintiff's original complaint. The district judge concluded an award of a portion of these fees was reasonable based on the record before him, and we can find no abuse of discretion in this judgment.
 
 
 17
 In addition to their award of fees at the district court level, defendants have also requested this Court to award them attorney's fees on appeal pursuant to Fed.R.App. 38.[6] Because we find plaintiff's appeal was not frivolous, we deny defendants' Rule 38 motion. Plaintiff's cross-motion for sanctions is also denied. The judgment of the district court is affirmed, and each party shall bear his, her, or its own costs on appeal.
 
 
 
 *
 The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 Fed.R.Civ.P. 4(j) provides:
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 
 
 [2]
 Fed.R.Civ.P. 11 provides in relevant part:
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 [3]
 The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri
 
 
 [4]
 Plaintiff's counsel had requested that any sanctions be imposed against him and not his client, because "it was he who did not serve the original complaint, not his client. She is blameless."
 
 
 [5]
 The papers filed by plaintiff's counsel in the California action indicated that Ms. Bryant was a lifelong resident of Kansas City, Missouri, and had "never set foot in California for over thirty years." The California district court judge concluded "[t]he uncontroverted evidence, therefore, is that Bryant has not had sufficient contacts with the state of California to permit the court's exercise of either general jurisdiction or specific jurisdiction over her in this action." The court refused without comment Bryant's request for Rule 11 sanctions. See Kerr v. Bryant, Civ. No. 89-6890 (C.D.Cal. May 31, 1990)
 
 
 [6]
 Fed.R.App.P. 38 provides:
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.