972 F.2d 199
 Lonnie D. SNELLING, Appellant/Cross-Appellee,
v.
Thomas A. WESTHOFF, David K. Dowling, Charles Edward Cobb,
Lester Eugene Smith, Carl Porter, James P.
Calloway, Appellees/Cross-Appellants.
Lonnie D. SNELLING, Appellee/Cross-Appellant,
v.
Thomas A. WESTHOFF, Appellant/Cross-Appellee,
David K. Dowling, Charles Edward Cobb, Lester Eugene Smith,
Carl Porter, James P. Calloway, Defendants.
 Nos. 92-1067, 92-1208.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 20, 1992.
Decided Aug. 3, 1992.
Rehearing and Rehearing En Banc Denied Sept. 9, 1992.
 
 Lonnie D. Snelling, pro se.
 Jane A. Smith, Jefferson City, Mo., for appellee/cross-appellant Thomas Westhoff.
 David H. Wendt, St. Louis, Mo., for appellee/cross-appellant David Dowling.
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lonnie D. Snelling appeals the District Court's[1] judgment in favor of defendants in Snelling's civil rights action. Thomas A. Westhoff appeals the District Court's order denying his motion for sanctions under Federal Rule of Civil Procedure 11. We affirm.
 
 
 2
 After Snelling was convicted of second-degree trespass in state court, he brought this action under 42 U.S.C. §§ 1983, 1985(2), and 1986 (1988). He alleged that Westhoff, a state conservation agent, violated his First, Fifth, and Fourteenth Amendment rights by unlawfully detaining him and issuing a trespass summons to him because he is black; Westhoff and James Calloway, a private landowner who signed the trespass complaint, conspired to deprive him of his constitutional rights by agreeing to use a false trespass complaint against him; Westhoff and Charles Cobb, a witness in the state's case, conspired with David Dowling, a state prosecuting attorney, by agreeing to give false testimony at his trial; and Lester Smith and Carl Porter, witnesses in the state's case, conspired with Dowling by agreeing to disobey subpoenas. The District Court granted summary judgment in favor of defendants, denied Snelling's motion to alter or amend judgment, and denied Westhoff's motion for sanctions.
 
 
 3
 We conclude that the District Court properly dismissed the conspiracy claims against Dowling on the ground of absolute prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 431-32, 96 S.Ct. 984, 995-96, 47 L.Ed.2d 128 (1976) (prosecuting attorney who acts within scope of his duties in initiating criminal prosecution and presenting state's case is absolutely immune from section 1983 suit for damages); White v. Bloom, 621 F.2d 276, 280 (8th Cir.) (same holding in suit brought under sections 1983 and 1985), cert. denied, 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980), and cert. denied, 449 U.S. 1089, 101 S.Ct. 882, 66 L.Ed.2d 816 (1981); See also Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir.) (allegations that prosecutor presented false testimony or withheld evidence do not defeat immunity), cert. denied, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987). The District Court also properly dismissed the conspiracy claims against Westhoff, Calloway, Cobb, Smith, and Porter on the ground of absolute witness immunity. See Conley v. Office of the Pub. Defender, 653 F.2d 1241, 1242 (8th Cir.1981) (witnesses are absolutely immune from section 1983 suit arising from their testimony in judicial proceedings); House v. Belford, 956 F.2d 711, 720-21 (7th Cir.1992) (per curiam) (same holding in suit alleging conspiracy between witness and prosecutor to give false testimony). See also Briscoe v. LaHue, 460 U.S. 325, 329-46, 103 S.Ct. 1108, 1112-21, 75 L.Ed.2d 96 (1983) (convicted state defendant may not assert section 1983 claim for damages against police officer or other government official for giving perjured testimony at defendant's criminal trial).
 
 
 4
 Even if defendants were not absolutely immune from liability for the alleged conspiracies, we conclude that Snelling's conspiracy allegations were conclusory and failed to state a claim. See Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir.1988) (conspiracy claim requires allegations of specific facts showing "meeting of minds" among alleged conspirators). We also conclude the District Court properly dismissed the section 1983 claims against Westhoff, because Snelling failed to allege facts indicating that his First, Fifth, and Fourteenth Amendment rights were violated.
 
 
 5
 We find no merit in Snelling's argument that the District Court erred in dismissing his complaint without giving him an opportunity to cure the deficiencies in an amended complaint. We finally conclude that the District Court did not abuse its discretion in denying Westhoff's motion for sanctions. See Bryant v. Brooklyn Barbecue Corp., 932 F.2d 697, 699 (8th Cir.) (District Court's Rule 11 sanction order reviewed under abuse of discretion standard), cert. denied, --- U.S. ----, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991).
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri