977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gary R. SANSOCIE, Appellant,
v.
James PURKETT; David Moore, Guard officer individual
capacity and official capacity as members of the
search team and as officers of
Farmington Correctional
Center, Appellees.
 No. 92-1166EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 24, 1992.
Filed: October 1, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary R. Sansocie, a Missouri prisoner, brought this action against two prison officers alleging they denied him, and conspired to deny him, access to the courts by taking his legal materials from a prison law clerk. Sansocie also alleges the prison officers often take legal materials from prisoners. The district court dismissed Sansocie's complaint for failure to state a claim because Sansocie failed to allege he suffered any harm from the taking of his legal materials. Sansocie appeals, and we affirm.
 
 
 2
 After reviewing the record, we agree with the district court that Sansocie failed to allege the officers' actions harmed him. We also conclude Sansocie's allegations of conspiracy and repetitive takings of legal materials are vague and conclusory.
 
 
 3
 Thus, the district court properly dismissed Sansocie's complaint. See Snelling v. Westhoff, Nos. 92-1067, 92-1208, 1992 WL 181174, at * 1 (8th Cir. Aug. 3, 1992) (per curiam) (dismissing conspiracy claim containing conclusory allegations rather than specific facts); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (dismissing access-to-the-court claim that fails to allege prejudice to the plaintiff); Gorham v. Banovetz, 652 F.2d 750, 751 (8th Cir. 1981) (per curiam) (dismissing 42 U.S.C § 1983 claim making only vague and conclusory allegations).
 
 
 4
 Accordingly, we affirm.