980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jesus Alberto CABAL Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE; Federal Bureau of
Investigation, (F.B.I.); Envirodyne Engineers,
Inc.; Private Labels Cosmetics, Inc.;
Calgon Vestal, Inc., Appellees.
 No. 92-2100.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 6, 1992.
Filed: November 18, 1992.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jesus Cabal, an Illinois resident of Hispanic origin, appeals from the judgment of the District Court[1] granting defendants' motions to dismiss his claims under 42 U.S.C. §§ 1983, 1985 (1988), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (1982).[2] We affirm.
 
 
 2
 On May 8, 1991, Cabal filed an amended complaint in five counts naming as defendants the United States Department of Justice (Justice); the Federal Bureau of Investigation (FBI); Envirodyne Engineers, Inc. (Envirodyne), a Missouri corporation; Private Labels Cosmetics, Inc. (Private), a New Jersey corporation; and Calgon Vestal, Inc. (Calgon), a Missouri corporation. In Count I, Cabal alleged that Calgon, for whom he worked as a contract employee, denied him permanent employment in violation of Title VII because it learned of his previous discrimination and slander charges against his former employers, Envirodyne and Private. In Count II, he alleged that the FBI, Justice, Envirodyne, Private, and the magistrate judge who presided in one of his prior suits conspired to violate his rights under section 1985(2) & (3).
 
 
 3
 In Count III Cabal alleged that the defendants, particularly the FBI and Justice, violated section 1983 when they persuaded the magistrate judge to deny him various procedural trial rights, encouraged Private to produce phony records, ignored Envirodyne's denial of employment to him based on racial discrimination, violated his free speech rights through media censorship and lack of an open trial, kept him under electronic surveillance since 1982 as punishment for filing lawsuits, and slandered him such that jokes, songs, and films about him were nationally broadcast by talk show hosts and other entertainers. In Counts IV and V he alleged that defendants defamed him. Cabal asked for reinstatement to a position with Calgon, costs and attorneys fees, and a multi-million dollar damage award.
 
 
 4
 The defendants moved to dismiss, and over Cabal's objections, the District Court adopted the magistrate judge's report and granted the motions. Cabal argues on appeal that the District Court erred in dismissing the suit against all five defendants without a proper and impartial hearing, and in dismissing his Title VII and conspiracy charges on highly technical jurisdictional grounds that a pro se complainant could not have known. He argues that his defamation claims are adequately specific. Finally, he argues that the District Court should have ruled that Justice and the FBI were proper defendants under the Federal Tort Claims Act (FTCA).
 
 
 5
 The District Court properly dismissed Cabal's Title VII claim against Calgon. Cabal did not file a claim with the EEOC until several months after he filed this suit, which was several months too late. Cabal simply argues that we should recognize his pro se status and reach the merits despite the "technical jurisdictional difficulties." In Chaffin v. Rheem Mfg. Co., 904 F.2d 1269, 1271 (8th Cir. 1990), we once again confirmed that filing a charge with the EEOC is a prerequisite to jurisdiction for federal courts under Title VII. Because Cabal has twice before filed federal discrimination suits, he cannot claim ignorance of this requirement. Filing with the EEOC during the course of a federal action in response to a defendant's motion to dismiss will not suffice. Kirkland v. Bianco, 595 F.Supp. 797, 799 (S.D.N.Y. 1984).
 
 
 6
 Without addressing other deficiencies in Cabal's conspiracy pleadings, we observe that mere allegations of a conspiracy without specific facts showing a meeting of the minds do not state a claim. See Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (dismissing section 1985(2) claim). Regarding his section 1983 claims, Cabal has not shown state action as required. See DeYoung v. Patten, 898 F.2d 628, 631-32 (8th Cir. 1990). We conclude that the District Court correctly dismissed Cabal's conclusory and unsupported claims.
 
 
 7
 The District Court likewise properly dismissed Cabal's defamation claims because he failed to indicate specific speakers, words, times, places, or audiences; Cabal attributes identical statements to all of the defendants, thereby making the charges indefensible. Under the laws of all three states where the alleged defamation took place, claims of defamation must be specific enough to allow defendants to frame their defenses. See Suhadolnik v. City of Springfield, 540 N.E.2d 895, 914 (Ill. App. Ct.), appeal denied, 545 N.E.2d 132 (1989); Brown v. Adams, 715 S.W.2d 940, 941 (Mo. Ct. App. 1986); Kotok Bldg. v. Charvine Co., 443 A.2d 260, 261 (N.J. Super. Ct. Law Div. 1981).
 
 
 8
 Finally, Cabal cannot state an FTCA claim against the FBI or the Department of Justice. See 28 U.S.C. § 2679 (1988). Allowing Cabal to amend his complaint to name the United States as a defendant would not help him because the United States has not waived its sovereign immunity under the FTCA for constitutional violations. See 28 U.S.C. § 2679(b)(2)(A). We conclude that the District Court did not abuse its discretion in refusing to allow Cabal to amend his complaint, see Asay v. Hallmark Cards, Inc., 594 F.2d 692, 695 (8th Cir. 1979) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)), and that the court properly entered judgment without holding a hearing.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable William S. Bahn, United States Magistrate Judge for the Eastern District of Missouri
 
 
 [2]
 The district court also dismissed Cabal's 42 U.S.C. § 1981 (1988) claim; Cabal does not pursue this on appeal