998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
William NELSON, Plaintiff Appellant,
v.
UNITED STATES DEPARTMENT OF THE ARMY, Secretary, M. P. W.
Stone; Gene Schatts, Director of Personnel, Pine
Bluff Arsenal, Defendants Appellees.
 No. 93-1034.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1993.
Filed: July 20, 1993.
 
 Before WOLLMAN, LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In February 1989, William Nelson, an Operations Center Assistant at the Army's Pine Bluff Arsenal, filed a formal grievance complaining that he was receiving extra weekend work to accommodate the religious beliefs of a fellow employee. In May 1989, that grievance was resolved when Nelson accepted a transfer to Fire Prevention Clerk. In November, Nelson filed a complaint of discrimination with Army Equal Employment Opportunity officials, but he dropped that complaint when advised he had not followed proper procedures.
 
 
 2
 In March 1990, Nelson filed a Title VII action alleging that the Army had discriminated against him based upon religion and had engaged in retaliatory practices. The case was dismissed when Nelson failed to respond to defendants' motion to dismiss. In January 1991, the case was reopened based upon Nelson's claim of oversight; one month later, his motion for voluntary non-suit was granted.
 
 
 3
 In October 1991, Nelson filed his complaint in this action, which was essentially identical to his first complaint. Defendants again moved to dismiss. After granting Nelson's request to delay his response until he took two discovery depositions, the district court[1] dismissed the complaint on the ground that Nelson had failed to exhaust the arbitration procedure specified in the applicable collective bargaining agreement.
 
 
 4
 Defendants then filed a motion for sanctions, asserting that Nelson and his attorney violated Fed. R. Civ. P. 11 by failing to ensure that Nelson's second complaint was well-grounded in fact and law. Defendants noted that the two complaints were virtually identical and argued that defendants' motion to dismiss in the first action should have alerted Nelson and his attorney to the numerous errors of fact and law that were realleged in the second complaint. In reply, Nelson argued that he believed he did exhaust his administrative remedies and, in any event, the court "had the ability to find that the requirements of that doctrine had been constructively fulfilled."
 
 
 5
 The district court granted the motion for sanctions. Noting material factual errors in the second complaint, the court observed: "It is inexcusable for attorneys to file one complaint, much less a second after having the benefit of a defendants' motion to dismiss, that contains misstatements of fact." In addition, the court concluded that Nelson had failed to make an adequate pre-complaint inquiry into the threshhold question of exhaustion of administrative remedies. The court imposed a sanction of $2,317.89 against Nelson and his attorney, jointly and severally.
 
 
 6
 Nelson appeals the sanctions order, arguing that the district court erred in finding Nelson's pre-complaint investigation inadequate, and in concluding that Rule 11 sanctions were warranted. After a careful review of the entire record, we conclude that the district court's findings are not clearly erroneous and that the court did not abuse its discretion in imposing a Rule 11 sanction. See Bryant v. Brooklyn Barbecue Corp., 932 F.2d 697, 699-700 (8th Cir.), cert. denied, 112 S. Ct. 638 (1991).
 
 
 7
 Accordingly, the district court order of November 20, 1992, is affirmed for the reasons stated in that order. See 8th Cir. R. 47B.
 
 
 
 *
 The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The HONORABLE STEPHEN M. REASONER, Chief Judge of the United States District Court for the Eastern District of Arkansas