Thomas Tansil **DILLAHA,** Appellant,

v.

**YAMAHA MOTOR CORPORATION,** U.S.A., Appellee.

No. 93–2871.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1994.

Decided May 5, 1994.

Donna J. Wolfe, Little Rock, AK, argued (David S. Mitchell and Douglas Bonner, on the brief), for appellant.

Michael Stephen Bingham, Little Rock, AK, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

In this diversity action, Thomas Tansil Dillaha appeals from the District Court's[1] order granting summary judgment in favor of Yamaha Motor Corporation (YMC). We affirm.

On August 29, 1987, Dillaha suffered serious injuries when the go-kart he was driving went out of control and struck a gas meter and pipeline. On August 28, 1990, Dillaha filed suit in Arkansas state court against a number of defendants, including YMC. Relevant to this appeal, the state complaint alleged that YMC "was negligent in the design and manufacture of" the go-kart. On Janu-

ary 9, 1991, Dillaha took a voluntary nonsuit in the state action.

On January 7, 1992, Dillaha filed a complaint against YMC in federal district court alleging causes of action for negligent design, negligent manufacture, failure to warn, strict liability, and breach of warranty. YMC answered and pleaded the statute of limitations as an affirmative defense. Following over one year of discovery, YMC moved for summary judgment contending that the claims for strict liability, breach of warranty, and failure to warn were time-barred and that YMC could not be liable based on negligent design and negligent manufacture because it only distributed and did not manufacture or design the go-kart. The District Court granted summary judgment to YMC.

We review the District Court's grant of summary judgment de novo, *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992), applying the same standards as the District Court, *Kuhnert v. John Morrell & Co. Meat Packing, Inc.*, 5 F.3d 303, 304 (8th Cir.1993). We must decide whether the record shows that there is no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In addition, we review de novo the District Court's determination of state law. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1220, 113 L.Ed.2d 190 (1991).

■ At oral argument, the parties agreed that the causes of action raised in Dillaha's federal complaint would be time-barred unless they were saved by the Arkansas savings statute. *See* Ark.Code Ann. § 16–56–126 (Michie 1987). This statute allows a party to file a new complaint within one year of a nonsuit as long as the cause of action is "the same in substance as the [original complaint] at the time the latter was nonsuited." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir.1989).

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

 We reject Dillaha's argument that because his state complaint can be categorized as a "products liability" action, his breach of warranty, failure to warn, and strict liability causes of action are not time-barred. Under Arkansas law, negligence, failure to warn, breach of warranty, and strict liability are each distinct causes of action, requiring different elements of proof. *See West v. Searle & Co.*, 305 Ark. 33, 806 S.W.2d 608, 610 (1991) (holding that, although one count of complaint alleged strict liability, complaint nevertheless failed to plead sufficient facts to state causes of action for defective manufacture or inadequate warning); *W.M. Bashlin Co. v. Smith*, 277 Ark. 406, 643 S.W.2d 526, 529 (1982) ("more than one theory of liability may properly be used in matters involving products liability"); *Harvey v. Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582, 584 (1981) (finding that complaint which alleged "negligence" did not state claims for "strict liability or warranty, which are not in any way dependent upon negligence"); *General Motors Corp. v. Tate*, 257 Ark. 347, 516 S.W.2d 602, 606–07 (1974) (noting that enactment of strict liability statute created a cause of action distinct from negligence or breach of warranty). Thus, the District Court correctly concluded that Dillaha's causes of action for breach of warranty, failure to warn, and strict liability were time-barred because they were not pleaded in the state complaint and, therefore, were not tolled by the savings statute.

 In addition, the District Court properly granted summary judgment on Dillaha's negligent design and negligent manufacturing claims. Under Arkansas law, a distributor can be held liable for negligent design and negligent manufacture of a product under certain circumstances. *See Dildine v. Clark Equip. Co.*, 282 Ark. 130, 666 S.W.2d 692, 695 (1984) (noting existence of doctrine in Arkansas law that "one who puts out a product as his own which is manufactured by another is subject to the same liability as the manufacturer"). In moving for summary judgment, YMC averred that it merely conducted tests on the go-kart's endurance, braking, and performance; it denied that it manufactured or designed the go-kart, or knew that it was dangerous. To withstand summary judgment, Dillaha had the burden of presenting evidence sufficient to create a genuine issue as to whether YMC manufactured or designed the go-kart, or knew that it was dangerous. *See Counts v. MK–Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir.1988). Dillaha failed to present any evidence that would tend to show any of these things. Dillaha's factually unsupported statement—that the go-kart's manufacturer and YMC's operations are "intertwined"—is nothing more than mere speculation and does not create a dispute as to a material fact.

The judgment of the District Court is affirmed.