45 F.3d 434
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Zebedee WILLIAMS, Appellant,
v.
ANHEUSER-BUSCH, INC., Appellee.
 No. 94-1605.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 19, 1994.
Filed: Dec. 29, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Zebedee Williams appeals the district court's[1] grant of summary judgment to his former employer, Anheuser-Busch, Inc., in his Title VII race discrimination suit. We affirm.
 
 
 2
 Williams, an African-American male, worked in Anheuser-Busch's St. Louis bottling facility from 1978 until his termination effective October 24, 1990. After his termination, he sued under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e to 2000e-17), alleging that he had been fired because of his race, and that Anheuser-Busch had discriminatorily enforced plant rules and disciplinary policies against him during his employment. Anheuser- Busch moved for summary judgment, and while not conceding that Williams had made a prima facie case, submitted affidavits and exhibits to show that they had terminated Williams for legitimate, non-discriminatory reasons. Williams failed to respond to this motion, and the district court granted summary judgment for Anheuser-Busch.
 
 
 3
 We review a grant of summary judgment de novo, applying the same standards as the district court. Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377 (8th Cir. 1994). Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 The evidence Anheuser-Busch submitted showed Williams had been terminated for repeated incidents of sleeping on the job and inattentiveness to his duties. Anheuser-Busch's evidence also showed that in response to these incidents, progressive disciplinary measures had been taken within the last five years, including termination and rehiring pursuant to a last-chance agreement signed by Williams and his union. Once defendants met their burden of production by offering these legitimate, non- discriminatory reasons for Williams's termination, the burden returned to Williams to demonstrate the reasons given were pretextual and that intentional discrimination motivated the employer's decision. See St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2747-49 (1993) (description of burden-shifting analysis). Because Williams failed to respond or otherwise designate any evidence that showed a material issue of fact for trial, summary judgment was appropriate. See Kobrin v. University of Minn., 34 F.3d 698, 702-03 (8th Cir. 1994) ("[Plaintiff] may overcome summary judgment by producing evidence that, if believed, would allow 'a reasonable jury to reject the defendant's proffered reasons for its actions' ") (quoted case omitted); White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (per curiam) (once defendants meet burden, plaintiff must set forth affirmative evidence or specific facts showing genuine dispute for trial; "[b]ecause [plaintiff] failed to respond at all, the district court properly granted defendants' summary judgment motion").
 
 
 5
 Williams's counsel inaccurately characterizes the dismissal of the suit as a sanction under Federal Rule of Civil Procedure 37 or 41(b) for her failure to respond to Anheuser-Busch's summary judgment motion; the district court's order, however, clearly stated that it was granting defendant's motion for summary judgment on the merits of the case.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri