45 F.3d 434
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Nancy WILLIAMS, Richard Williams, Larry James, Appellants,
v.
CITY of Little Rock, Barry Burke, Roy Settoon, Billy Tucker,
Tracy Roark, Barbara Hyatt, Appellees.
 No. 94-2311.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 8, 1994.
Filed: Dec. 30, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nancy Williams, Richard Williams, and Larry James appeal from the district court's[1] grant of summary judgment in their 42 U.S.C. Sec. 1983 action against the City of Little Rock, Arkansas (City) and various City employees. We affirm.
 
 
 2
 This suit arises out of a series of fire and building code inspections in February, March, and April 1992 of a Little Rock trailer park owned at the time of the events by Nancy and Richard Williams; Richard Williams also owned two trailers in the park which were condemned. Larry James owned one trailer in the park which was condemned.
 
 
 3
 This court reviews a grant of summary judgment de novo, applying the same standards as the district court. Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377 (8th Cir. 1994). Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 Plaintiffs alleged that warrantless inspections by City officials violated their First, Fourth, Fifth, and Fourteenth Amendment rights. Plaintiffs provided no evidence that any defendants other that Tucker, Roark, and Hyatt ever conducted warrantless inspections. As these three were never served, summary judgment on this claim was proper as to the remaining individual defendants.
 
 
 5
 Plaintiffs also alleged that the City ordinance and state fire code provisions allowing the warrantless inspections were unconstitutional, that fire and building code citations against Nancy Williams were in retaliation for her refusal to allow warrantless inspections, and that the City selectively enforced its building codes and City employees had selectively enforced the building codes against the plaintiffs. Nancy Williams is barred by claim preclusion from raising these issues as they relate to her February 7 citations for code violations, because she could have raised them at her February 26 trial for these violations. See Butler v. City of North Little Rock, Ark., 980 F.2d 501, 503-04 (8th Cir. 1992) (Arkansas claim preclusion principles). As Richard Williams is in privity with Nancy Williams, he is also barred from contesting the constitutionality of the code and ordinance; furthermore, he and James lack standing because there was no evidence their individual trailers were ever subject to warrantless inspections. To the extent plaintiffs make a due process claim related to the condemnation of their trailers, the condemnation proceedings afforded by city ordinance provide adequate predeprivation process and any claims of selective enforcement can be raised in those proceedings. See Gentry v. City of Lee's Summit, Mo., 10 F.3d 1340, 1343-45 (8th Cir. 1993).
 
 
 6
 Nancy Williams alleged that defendants conspired from late February until March 5 to violate her rights. This claim fails because she did not come forward with specific facts showing the existence of a conspiracy. See Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 113 S. Ct. 977 (1993).
 
 
 7
 Plaintiffs alleged that a search was conducted on April 22 without a valid warrant and that Nancy Williams was unconstitutionally arrested pursuant to a deficient arrest warrant for contempt of court for refusing to allow the search. These claims are meritless. The evidence showed the April 22 inspection was a continuation of an inspection begun April 16 under a warrant issued April 15, which had not expired on April 22. See United States v. Carter, 854 F.2d 1102, 1107 (8th Cir. 1988) (second entry under same warrant allowed if merely continuation of first entry and warrant has not expired). Because the search was valid, Nancy Williams's arrest for contempt was supported by probable cause, and her claims about technical deficiencies in the arrest warrant are irrelevant because a warrantless arrest could have been made. See Ark. R. Crim. P. 4.1(a)(iii).
 
 
 8
 Appellees' motion to strike appellants' reply brief as untimely is denied.
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas