46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Amin Khatib MUHAMMAD, also known as James Hill, Appellant,
v.
PLATT COLLEGE, also known as Northwest Community College, Appellee.
 No. 94-1750.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 13, 1995.
Filed: Jan. 23, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Amin Khatib Muhammad appeals the district court's[1] adverse grant of summary judgment in his action against Northwest Community College (Platt). We affirm.
 
 
 2
 Muhammad, a Missouri inmate at the Jefferson City Correctional Center (JCCC), worked as a tutor for Platt's paralegal course offered to inmates at JCCC, from April 1990 until July 1991. Muhammad's wages were $15 to $30 per month, which Platt paid to Muhammad's inmate account; in July 1991, however, the Missouri Department of Corrections instructed Platt to stop direct payments to inmates. In August 1991, Muhammad filed this action alleging that Platt had been his employer, and that its failure to pay him the federal minimum wage violated the Fair Labor Standards Act (FLSA), 29 U.S.C. Secs. 201-219. He requested backpay, punitive damages, and declaratory and injunctive relief. Platt moved for summary judgment and filed supporting affidavits and exhibits; Muhammad responded with his own affidavit and exhibits. Without deciding whether the FLSA applied to Muhammad, the district court granted summary judgment to Platt on the basis that there was no employer-employee relationship between Platt and Muhammad.
 
 
 3
 We review a grant of summary judgment de novo, applying the same standards as the district court. Dillaha v. Yamaha Motor Corp., 23 F.3d 1376, 1377 (8th Cir. 1994). Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 Assuming, without deciding, that the FLSA could apply to an inmate in Muhammad's situation, we agree with the district court that there was no employment relationship within the meaning of the FLSA. Because the "language of the Act provides little guidance in delineating the contours of the employer-employee relationship," we have held that the existence of such a relationship depends "upon the circumstances of the whole activity." Reich v. Conagra, Inc., 987 F.2d 1357, 1360-61 & n.4 (8th Cir. 1993) (quoted citation omitted). Here, the summary judgment materials show that Platt did not actually control Muhammad's work assignment, set his work schedule, or determine the rate and method of payment; all of these essential activities were performed by JCCC. Moreover, there was no showing that Platt maintained employment records for Muhammad. See Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983). Thus, summary judgment for Platt was appropriate.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri