46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Alpheus E. CLONTS; Frances T. Clonts, Appellants,
Kevin J. Clonts, Plaintiff,
v.
Margaret Shaw JOHNSON; Sally A. Comeskey; Joni Morris;
Ann Merchlewitz; Dan Lafee; Scott Boss; Joan
Monohan; Scott Bestul; Ellen Holmgren;
Howard K. Kruger, Appellees.
 No. 94-1534.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 16, 1994.
Filed: Jan. 25, 1995.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case arises out of a Minnesota state court termination of the parental rights of Marigrace Mizzles, the daughter of appellants Alpheus and Frances Clonts. At various times during the termination proceeding, the Clontses unsuccessfully attempted to intervene; the state court denied their motions on the ground, inter alia, that they did not meet the requirements of Minnesota's law which allows, in certain circumstances, grandparents to participate in termination proceedings to assert visitation rights. The Clontses did not appeal the denial of their intervention motions.
 
 
 2
 Thereafter, the Clontses filed this 42 U.S.C. Sec. 1983 action against various social services and court personnel, alleging causes of action for breach of contract and violations of Minnesota state law. They further alleged they were falsely arrested and maliciously prosecuted after they were held in contempt by defendant Margaret Shaw Johnson, the Minnesota state court judge who presided over the termination proceeding. In granting defendants' motions for summary judgment, the District Court[1] determined that Johnson was entitled to absolute immunity and that the Clontses' claims against the remaining defendants were barred by collateral estoppel and res judicata. The Clontses appeal.
 
 
 3
 We review de novo a district court's grant of summary judgment, applying the same standards as the district court. Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377 (8th Cir. 1994). The district court properly concluded that Johnson was entitled to absolute immunity. In terminating Mizzles's parental rights, denying the Clontses' motions to intervene, and finding the Clontses in contempt, Johnson was acting in her judicial capacity and within her powers under Minnesota law. See Minn. Stat. Secs. 260.111(2)(a), 260.221 et seq., 588.01 (1994); Mireles v. Waco, 112 S. Ct. 286, 288 (1991) (per curiam).
 
 
 4
 Furthermore, judgment was properly entered for the remaining defendants. The Clontses are collaterally estopped from arguing that they had a right under Minnesota law to intervene in the termination proceeding. They may not relitigate the same issues in federal court simply because they are dissatisfied with the state court result. See Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990) (court of appeals lacks subject matter jurisdiction to review state court decision). In addition, the Clontses cannot maintain a section 1983 action for breach of contract and wrongful denial of visitation rights under Minnesota state law because they have not shown a violation of a right secured by the Constitution or federal law. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (no Sec. 1983 claim unless violation of right secured by Constitution or law of United States). As to the defendants who effectuated the court's contempt order, they are entitled to immunity. See Duba v. McIntyre, 501 F.2d 590, 592 (8th Cir. 1974) (quasi-judicial form of immunity applies to those who perform court orders), cert. denied, 424 U.S. 975 (1976).
 
 
 5
 For the reasons stated, the judgment of the District Court is affirmed. The motion for appointment of counsel is denied.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota