53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Matthew Clemens BERGMANN, Appellant,
v.
Rusty ROGERSON; Jen Kula; John A. Thalacker, sued as John
Thalacker; John Sissel; Thomas Beadle, sued as Tom Beadle;
Mike Bickford; Mona Burns; Jerome Manternach; Tamia
Buscher, sued as Buschner; Lori Tapken, sued as Tapken;
Steve Faber, sued as Steve Fabor; Alfred Derosia, sued as
Al Derouger; Dennis Miller; Larry Dowie, sued as Larry
Dowey D; Dirk Godsey, sued as Dick Godsey; Michael
Rosencrans, sued as Mike Rosecrantz; Unknown Doctor, sued
as Doctor-Iowa Medical Classification Center, Oakdale, Iowa;
Unknown Nurse, sued as Nurse-Black Hawk County Jail,
Waterloo, Iowa; Unknown Individual(s), sued as Marry last
name unknown-I.M.R., Anamosa, Iowa; Unknown Individual(s),
sued as Vince last name unknown-I.M.R., Anamosa, Iowa. Appellees.
 No. 94-3900
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 2, 1995
Filed: May 5, 1995
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Matthew Clemens Bergmann, an Iowa inmate, appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Bergmann alleged that various Iowa prison officials[2] were deliberately indifferent to his medical needs resulting from a pre- existing knee injury, for which he received arthroscopic surgery on April 28, 1993. He also alleged that Iowa Men's Reformatory (IMR) head nurse Jen Kula wrongly assigned him to cells which required him to climb stairs, refused to give him a pass to avoid standing in the mess and commissary lines, confined him in the infirmary cell block as discipline for four days, and wrongly forced him to come to the infirmary to obtain Tylenol.
 
 
 3
 We review a grant of summary judgment de novo, applying the same standards as the district court. Dillaha v. Yamaha Motor Corp., 23 F.3d 1376, 1377 (8th Cir. 1994). Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 We conclude that the district court correctly granted summary judgment on Bergmann's claims. Bergmann has failed to produce any evidence that any defendant was deliberately indifferent to his medical needs. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (non-moving party may not rest on allegations in pleadings; must produce such evidence that a reasonable jury could return a verdict for that party); Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (deliberate indifference standard). Defendants' evidence showed that at his initial screening upon entering the Iowa prison system, Bergmann's history of knee surgery was noted, his medical records were sent for and examined, and the examining physician concluded Bergmann needed no medical attention at that time. Bergmann did not show that, when Kula assigned him to an eighth-tier cell, he had a valid medical restriction on stair- climbing or that Kula knew or had reason to know he should not climb stairs; neither did he show that he requested and was denied a medical excuse from stair-climbing or standing in mess and commissary lines, or that his knee injury required exemption from these activities. Compare Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989) (inmate's uncorroborated allegation of need for bone marrow transplant insufficient to support deliberate indifference claim) with Johnson v. Hay, 931 F.2d 456, 461-62 (8th Cir. 1991) (pharmacist not qualifiedly immune when he intentionally refused to fill inmate's prescriptions provided by prison physicians).
 
 
 5
 When Bergmann injured his knee in December 1992, defendants moved him to a lower bunk in a first floor cell and provided him with a thorough course of treatment ultimately resulting in arthroscopic surgery. Bergmann also has presented no evidence to show that the postponement of his surgery from February 1993 to April 1993 amounted to deliberate indifference, or that the delay affected an "acute or escalating situation." Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). His remaining allegations are meritless.
 
 
 6
 The district court did not abuse its discretion in denying Bergmann's motions to appoint counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995
 
 
 7
 (1992). The district court also properly denied Bergmann's motion to compel production of his medical records; defendants made the requested records available for Bergmann's inspection, and copies of his records were attached to defendants' summary judgment motion and mailed to him. Bergmann's motion to strike and "Motion to Attach" are both denied.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable John A. Jarvey, Chief United States Magistrate Judge for the Northern District of Iowa
 
 
 [2]
 Bergmann also made allegations against unknown Blackhawk County Jail officials and an unknown doctor at the Iowa Medical Classification Center. These officials were never identified or served