# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2122

_____

| | | |
|---|---|---|
| William Thomas Meloy, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of North Dakota. |
| Timothy Schuetzle; Kathy Bachmeier; | * | |
| Bernard J. O'Neill; Medcenter One | * | [UNPUBLISHED] |
| Health Systems, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 7, 2000
Filed: August 17, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

William T. Meloy, a former North Dakota inmate, appeals the district court's 28 U.S.C. § 1915A(b)(1) dismissal of his 42 U.S.C. § 1983 deliberate-indifference action against prison officials and a private corporation. We affirm in part and reverse in part.

We accept as true the allegations of Meloy's complaint for the purpose of reviewing de novo the district court's section 1915A(b)(1) dismissal. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review); Gorham v. Banovetz, 652 F.2d 750, 751 (8th Cir. 1981) (per curiam). Meloy has Obstructive

Sleep Apnea (OSA)--a potentially life-threatening breathing disorder--for which he has been prescribed a Continuous Positive Air Pressure machine (CPAP) to use when sleeping, for the rest of his life. On his March 31, 1998 arrival at North Dakota State Penitentiary (NDSP), Meloy told the staff of his OSA and his need for a CPAP. Nevertheless, when an officer contacted NDSP Medical Director (and nurse) Kathy Bachmeier, she refused to authorize a CPAP. After Meloy's medical records arrived two weeks later, confirming his OSA diagnosis and CPAP prescription, Bachmeier told Meloy he could have a CPAP if he provided his own, but Meloy could not afford one. Meloy twice tried to explain his condition and need for a CPAP to NDSP Clinical Director Dr. Bernard O'Neill during brief physical exams, but O'Neill refused to listen. Meloy also sought the assistance of Warden Timothy Schuetzle, who said he would have Meloy's related grievance expedited.

Throughout this same time frame Meloy experienced breathing difficulties so severe  other prison staff were alarmed and attempted--without success--to obtain medical help for Meloy. Meloy's condition eventually resulted in chest pains, causing him to be placed in the prison infirmary and finally referred to a cardiologist. On May 8, the cardiologist ordered NDSP to provide Meloy with a CPAP, which alleviated his painful symptoms.

Initially, we note  Meloy's intervening release from NDSP does not moot his appeal because he requests damages, not injunctive relief. Cf. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

We affirm the district court's dismissal of Medcenter One because Meloy failed to allege Medcenter One implemented a particular policy or custom which violated his Eighth Amendment rights, or failed to train or supervise O'Neill. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). We also affirm the dismissal of Schuetzle, because Schuetzle's alleged knowledge of Meloy's grievance, and his attempt to expedite the grievance officer's decision, are not enough to state a

deliberate-indifference claim.  See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995); White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988).

As to defendants Bachmeier and O'Neill, however, we conclude Meloy's allegations were sufficient to state a claim.  Meloy's OSA was a serious medical need, and while he did not specifically allege the delay in obtaining a CPAP had a detrimental effect on his prognosis, cf. Dulany, 132 F.3d at 1243, the importance of the CPAP to his health was obvious from the diagnosis and prescription of lifetime CPAP use, reflected in medical records which were in Bachmeier's and O'Neill's possession no later than April 14.  Moreover, the effect of the lack of a CPAP on Meloy's condition caused other prison personnel--who were not medically trained--to be concerned and to attempt to obtain relief for him.  See Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999) (inmate's diabetes complications would have been obvious to laymen, particularly his jailer); Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (serious medical need is one diagnosed as requiring treatment, or one so obvious even layperson would easily recognize necessity for doctor's attention). As trained medical professionals, Bachmeier and O'Neill might have been expected to appreciate the significance of a CPAP to Meloy's health.  See Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991) (grossly incompetent or inadequate care can constitute deliberate indifference), cert. denied, 506 U.S. 836 (1992).

Based on the allegations of his complaint, it is possible Meloy could prove facts demonstrating Bachmeier and/or O'Neill knew of and deliberately disregarded Meloy's need for a CPAP, and their conduct violated his Eighth Amendment rights.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (standard for deliberate-indifference claim); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (standard for dismissal for failure to state claim).  Our decision does not, of course, preclude summary judgment if Meloy is unable to establish the requisite facts.

We thus affirm the dismissal of defendants Medcenter One and Schuetzle, reverse the dismissal of defendants Bachmeier and O'Neill, and remand to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.