IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50781
Summary Calendar
_____

JESUS ALBERTO CABAL,

                                        Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE;
JOHN ASHCROFT, U.S. ATTORNEY GENERAL;
ROBERT MEULLER, III, The Director of the Federal
Bureau of Investigations; JANET RENO, Former U.S.
Attorney General; LOUIS J. FREEH, Former Director of
the Federal Bureau of Investigations; FEDERAL
BUREAU OF INVESTIGATION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-103
--------------------
March 7, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Jesus Alberto Cabal appeals from the dismissal of his civil

suit in which he raised claims under various theories of

liability, including the Freedom of Information Act, 5 U.S.C.

§ 552; the Federal Tort Claims Act, 28 U.S.C. § 2674; and 42

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. §§ 1981, 1983, 1985, and 2000e. Cabal's claims are premised on his contention that the defendants have engaged in a conspiracy to deprive him of his constitutional rights for over twenty years. Cabal contended that the conspiracy has included constant 24-hour surveillance by government officials and efforts to influence the outcomes of civil litigation in which Cabal was a plaintiff. Cabal alleged that those efforts included the issuance of executive orders by former Presidents Reagan, Bush, and Clinton directly suspending his civil rights. Cabal has raised similar claims in other litigation against the Government. See, e.g., Cabal v. Dep't of Justice, 1992 WL 336447 (8th Cir. Nov. 18, 1992).

A review of the record shows that the district court did not err in determining that Cabal's claims were either barred by res judicata or by the failure to exhaust administrative remedies. See Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000); Voinche v. Fed. Bureau of Investigation, 999 F.2d 962, 963 (5th Cir. 1993); Williamson v. U.S. Dep't of Agric., 815 F.2d 368, 378 (5th Cir. 1987); 28 U.S.C. § 2675(a). Further, Cabal's conspiracy allegations are conclusional and insufficient to state a claim for relief. See Young v. Biggers, 938 F.2d 565, 569 (5th Cir. 1991); Morrison v. City of Baton Rouge, 761 F.2d 242, 246 (5th Cir. 1985).

To the extent that Cabal attempts to rely on exhibits in his appendix that were not submitted to the district court, we do not

consider new evidence furnished for the first time on appeal. See <u>Theriot v. Parish of Jefferson</u>, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Cabal also asserts that he has a viable cause of action against the individual defendants under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Because he did not raise this issue in the district court, we do not consider Cabal's claim. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.